# Third District Court of Appeal

## State of Florida

Opinion filed August 17, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D21-0712
Lower Tribunal No. 20-16333

————————————

## Miami 37 LLC,
Appellant,

vs.

## Certain Underwriters at Lloyd's London,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Valiente, Carollo & McElligott, PLLC, and Matthew McElligott and Caroline Carollo, for appellant.

Akerman LLP, and Gerald B. Cope, Jr. and Lorayne Perez; Phelps Dunbar LLP, and Sarah J. Smith (Tampa), for appellee.

Before LINDSEY, HENDON and BOKOR, JJ.

BOKOR, J.

The issue on appeal turns on whether, under the applicable insurance policy, the insurer maintains the right to compel the insured to appraisal after reaching an impasse at mediation. The policy explicitly "absolves the parties of their obligation to participate in appraisal if, after mediation was requested, either party rejected the mediation result." Almeria Park Condo. Ass'n, Inc. v. Empire Indem. Ins. Co., No. 18-20609-CIV, 2018 WL 8193773 at *3 (S.D. Fla. May 24, 2018) (internal quotations omitted). In Almeria Park, now-Chief Judge Altonaga, in evaluating under Florida law an analogous mediation or appraisal provision and an analogous argument, "disagree[d] with [the insured's] construction of the Policy." Id. That policy, like the one at issue, explicitly "absolves the parties of their obligation to participate in appraisal if, after mediation was requested, either party rejected the mediation result." Id. (internal quotations omitted).

We adopt Chief Judge Altonaga's well-reasoned analysis in full:

The plain language of the Policy does not indicate a "reject[ion]" of "the mediation result" occurs any time a mediation ends in an impasse. Instead, the mediation clause, which is on the same page of the Policy as the appraisal condition, specifically accounts for the possibility the parties reach a "settlement in the course of mediation," but one party "rescind[s] the settlement within three business days after reaching settlement." It appears the language regarding "reject[ion]" of "the mediation result" in the appraisal condition refers to this scenario, rather than a mediation merely ending in impasse. Consequently, the exception to the appraisal condition relating to either party

2

> "reject[ing] the mediation result" does not release Plaintiff from its obligation to submit to appraisal of his claim.

Id. at *4 (citations omitted). Accordingly, under the plain language of the contract, an impasse at mediation constitutes no waiver of or exception to the mandatory appraisal provision. The trial court correctly granted the insurer's motion to compel appraisal and to stay or abate the lawsuit pending completion of the appraisal.

Affirmed.